IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA HOCKENBERRY, ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> SCI CAMBRIDGE ) <br> SPRINGS/PENNSYLVANIA ) <br> DEPARTMENT OF ) <br> CORRECTIONS, ) <br> ) <br> Defendants ) <br> ) | Case No. 1:18-cv-00325 (Erie) <br><br><br> United States Magistrate Judge <br> Richard A. Lanzillo |

OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS

I.  Introduction

Plaintiff Lisa Hockenberry, a former prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), commenced this action against SCI-Cambridge Springs and the DOC in the Court of Common Pleas of Erie County, Pennsylvania, on September 17, 2017. Plaintiff's Complaint asserted claims pursuant to 42 U.S.C. § 1983 for alleged violations of her civil rights under the Eight Amendment to the United States Constitution. ECF No. 1; Ex. 1. On October 22, 2018, Defendants removed the case to the United States District Pennsylvania for the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1441 and 1446.[1] Presently pending before the Court is Defendants' motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[2] ECF No. 3.

---

[1] This Court has subject matter jurisdiction as the cause of action turns on a federal question. *See* 28 U.S.C. § 1331.

[2] The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case as authorized by 28 U.S.C. § 636(c). *See* ECF Nos. 9, 10.

1

Because the Eleventh Amendment to the U.S. Constitution shields both SCI Cambridge Springs and the DOC from liability on Plaintiff's claims, the Court will grant Defendants' motion and dismiss all claims against these Defendants with prejudice. However, the Court will grant Plaintiff leave to amend her Complaint to assert her § 1983 claim against parties against whom the claim may be viable.[3]

II.   Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

---

[3] On April 29, 2019, Plaintiff filed an Amended Complaint [ECF No. 12]. For the reasons discussed in Section 5 of this Opinion and Order, the Court will strike this pleading without prejudice to Plaintiff's opportunity to file a further Amended Complaint that addresses the deficiencies outlined below.

2

III. Allegations of Plaintiff's Complaint and Defendants' Motion to Dismiss

Plaintiff was incarcerated at SCI Cambridge Springs beginning "on or about September 17, 2016 and thereafter." ECF No. 1; Ex. 1, ¶ 4. In September of 2016, Plaintiff "put Cambridge Springs Prison on notice that she had sedentary to light [duty] restrictions on work activities due to a long history of back and hip problems including multiple back surgeries, spinal fusion surgery with instrumentation and hip replacement." ECF No. 1; Ex. 1, ¶ 6. These restrictions included that Plaintiff not lift more than 5 to 10 pounds as well as "other exertional and limitations on manual work." *Id.* Despite SCI Cambridge Springs' knowledge of Plaintiff's restrictions, it required her to perform heavy labor and other strenuous activities, including unloading trucks, lifting in excess of 50 pounds and other strenuous activities. ECF No. 1; Ex. 1, ¶ 7. When Plaintiff raised concerns about her safety in light of her medicial restrictions, "she was informed that failure to perform the heavy-duty activities would result in an extended sentence and/or additional punishment." ECF No. 1; Ex. 1, ¶ 8. Given this choice, Plaintiff "performed the heavy-duty tasks as required by Cambridge Springs Prison" and, as a result, "suffered increased symptoms and new damage to her back." ECF No. 1; Ex. 1, ¶ 6-9. Despite her significantly worsening low back symptoms, "the claimant was denied adequate medical care, was denied prescription medication and was given no diagnostic studies or other medical intervention necessary to address her back complaints and/or prevent further worsening of her condition." ECF 1; Ex.1, ¶10. Based upon the foregoing allegations, Plaintiff's Complaint asserted an Eighth Amendment claimfor damages pursuant to 42 U.S.C. § 1983 and "violation of Pennsylvania Law." ECF 1; Ex.1, ¶ 15.

Defendants have moved to dismiss Plaintiff's Complaint on the grounds that the Eleventh Amendment to the U.S. Constitution bars Plaintiff's suit against SCI Cambridge Springs and the

3

DOC, the only Defendants named in the original Complaint. Defendants accurately note that Plaintiff's Complaint repeatedly alleges that the "Cambridge Springs Prison" acted with deliberate indifference to Plaintiff's medical restrictions and failed to provide her with adequate medical care, but it fails to identify any prison official or other person who engaged in the conduct upon which Plaintiff bases her claim.

IV.    Analysis

The Eleventh Amendment to the United States Constitution proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984). The DOC and the facilities that comprise the DOC are agencies or arms of the Commonwealth of Pennsylvania and, as such, they are entitled to Eleventh Amendment immunity unless an exception to such immunity applies. *See Steele v. Pennsylvania*, 2009 WL 614800, at *8 (W.D. Pa March 6, 2009).

Eleventh Amendment sovereign immunity is subject to three basic exceptions: (1) Congress may specifically abrogate a state's sovereign immunity by exercising its enforcement power under the Fourteenth Amendment; (2) a state may waive its sovereign immunity by consenting to suit; or (3) under *Ex parte Young*, 209 U.S. 123 (1908), a state official may be sued in his or her official capacity for prospective injunctive relief. See *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir.2002); *Hindes v. F.D.I.C.*, 137 F.3d 148, 165-66 (3d Cir.1998). With respect to the first exception, it is well-settled that Congress did not intend to abrogate the states' sovereign immunity by enacting § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Furthermore, Pennsylvania has unequivocally withheld its consent to

4

such suits. Section 8521 of Title 42 of the Pennsylvania Consolidated Statutes clearly states, "Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment of the Constitution of the United States." 42 Pa. Cons.Stat.Ann.§ 8521(b); see also *Lombardo v. Pennsylvania*, 540 F.3d 190, 196 n.3 (3d Cir.2008); Pa.Const.Art. I, §11; 1 Pa.Cons.Stat.Ann. §2310; *Lavia v. Department of Corrections*, 224 F.3d 190, 195 (3d Cir. 2000). Because no exception to Eleventh Amendment immunity applies here, the DOC and SCI Cambridge Springs must be dismissed from this action.

V.   Plaintiff's Attempts to Amend

In her December 19, 2018 response to Defendants' motion to dismiss, Plaintiff opposed the motion on substantive grounds and, alternatively, requested leave to amend her complaint to name individual defendants against whom a viable § 1983 claim may be asserted. ECF No. 7. By Order dated April 22, 2019, this Court found Plaintiff's alternative motion to amend her complaint to be procedurally deficient pursuant to *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247 (3d Cir. 2007), and directed Plaintiff to "file a motion for leave to amend with a copy of her proposed amendment attached thereto[.]"). ECF No. 11. Notwithstanding this Court's directive, on April 29, 2019, Plaintiff filed an Amended Complaint [ECF No. 12], unaccompanied by a motion and without leave of court or consent of the Defendants. This filing was beyond the 21-day period during which Plaintiff could properly file an amended complaint without leave or consent. See Fed.R.Civ. Pro. 15(a)(1). Further, although the Amended Complaint identified individual officials as new defendants, it continued to assert a § 1983 claim against the DOC and SCI Cambridge Springs. Accordingly, the Amended Complaint also failed to address the substantive deficiency raised by Defendants'

5

motion to dismiss. Thus, even if the Court had opted to treat the Amended Complaint as properly filed, it would not have mooted Defendant's motion to dismiss. Given the foregoing, and in an effort to place this case on a proper procedural footing, the Court will strike the Amended Complaint filed at ECF No. 12, but grant Plaintiff leave to amend her Complaint subject to the holdings of this Order and applicable rules of court.

VI. Leave to Amend

The U.S. Court of Appeals for Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). For the reasons stated above, Plaintiff's claims against both named Defendants are clearly barred by the dotrine of soverign immunity such that any attempt to amend the claim against them would be futile. Accordingly, the DOC and SCI Cambridge Springs are dismissed from this action with prejudice. However, because it is not clear that an amendment naming new individuals or entities would be futile, Plaintiff is granted leave to file a curative amendment, in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and Orders of this Court in this action, **on or before Friday, June 7, 2019**. Plaintiff is reminded that an amended complaint "is a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed," *Williams v. Ferdarko*, 2018 WL 3653272, at *1 n. 1 (W.D. Pa. Aug. 1, 2018), and that proper service of the amended complaint must be made upon newly named defendants.

It is so ordered.

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE

Entered this 28th day of May, 2019.